FILED
8/9/2021
Clerk, U.S. District Court
District of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| VIRGINIA WARD,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                    Defendant. | CV 19-133-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Safeco Insurance Company of America's Motion for Summary Judgment. (Doc. 35). The Court has reviewed the briefing materials and has determined that the matter is suitable for resolution without oral argument. Local Rule 78.1. For the following reasons, the Court finds that summary judgment in Safeco's favor is appropriate and grants that motion.

**I.      Statement of Facts**

Plaintiff Virginia Ward is the owner of a property located at 614 W Chinook Street in Livingston, Montana. (Doc. 39 at ¶ 1.) Plaintiff rents the property to various tenants and is the owner of a Safeco insurance policy for the property entitled "Landlord Protection Policy No. OM464145." (*Id.* at ¶¶ 1-2.)

1

On May 2, 2017, Plaintiff received word from her tenants that "water was bubbling up from the ground." (*Id.* at ¶ 3.) The water was determined to be leaking from a main pipe serving the property. Subsequently, the old pipe was abandoned, left in the ground, and promptly replaced with a new pipe in a new path with new excavation on May 4, 2017. (*Id.* at ¶¶ 3-4.) Near the end of May, Plaintiff contacted her local insurance agent to report the incident. She told her agent that she had since fixed the problem and that she was unaware of any damage to the property. Her agent informed her that the loss was not covered, and no claim was filed with Safeco at the time. (*Id.* at ¶ 5.)

In July of 2017, two months later, Plaintiff's tenant informed her that some soft spots had formed in the floor of the kitchen. Upon inspection, Plaintiff concluded that the soft spots were most likely a result of the pipe bursting and again called her insurance agent to report the situation. (*Id.* at ¶ 6.) Her agent maintained that the loss would not be covered but this time agreed to submit a claim to Safeco to report the damage. (*Id.* at ¶ 7.)

On July 13, 2017, Safeco spoke with Plaintiff and learned the details of the incident, and that because of it, the house had begun to settle. The agent's inquiries with the Plaintiff led to the understanding that the "leak under the slab" affected the soil, which then caused the house to settle, which then caused damage to the house. (*Id.* at ¶ 9.)

2

Safeco hired Mary Jaeger to meet with the Plaintiff and inspect the situation to determine whether the damage would be covered by her policy. (*Id.* at ¶ 10.) Plaintiff claims that Mary Jaeger made a statement during the inspection that the damage caused by the pipe, but not the pipe itself, would be covered. (*Id.* at ¶ 11.)

On July 17, 2017, Safeco spoke with Claude Clark, an employee for Mr. Lifter, the foundation specialist Plaintiff had been in contact with, who said "the soil under the slab got washed out from the leaking water line and has caused significant settlement of the dwelling." (*Id.* at ¶ 12.) Safeco then retained the services of EFI Global, an engineering firm, to investigate Plaintiff's claim. Following an investigation of the property, EFI prepared a report that stated a portion of the cracks in the concrete perimeter were not new and that the shape of the structure on which the house sits could explain their presence. (*Id.* at ¶¶ 13-15.) In regard to the newer cracks in the foundation, the report concluded that the settlement could have been caused by a lack of care taken to make sure the "foundation was supported by consolidated soil" during the excavation of the new water line. (*Id.* at ¶ 15.)

In response to this report, and in accordance with the earth movement and water damage exclusions in the Plaintiff's policy, Safeco determined that the damage was not covered. (*Id.* at ¶¶ 17-18.)

3

Even though she had allegedly previously told Ward the loss would be covered, Mary Jaeger called to update Plaintiff that her claim had been denied and that a written denial was forthcoming. (*Id.* at ¶ 16.) The letter dated August 7, 2019 included a statement from Safeco saying that if any new information came to light, her claim could be re-evaluated in the future. (*Id.* at ¶ 17.) Once the letter was delivered, Safeco reached out to Plaintiff in an attempt to further explain the letter. Safeco was unable to reach Ward but updated her insurance agent on the company's decision and that the claim was denied based on the earth movement and water damage exclusions. (*Id.* at ¶ 19.) Ultimately, Plaintiff did not call for further clarification but did contact Safeco after the denial to request a copy of the EFI Global engineering report. (*Id.* at ¶ 20.)

After her claim had been denied, Plaintiff filed a claim with the Montana Commissioner of Securities and Insurance. (*Id.* at ¶ 21.) Safeco responded to the Commissioner with an explanation of the situation and their findings from the investigation. (*Id.* at ¶ 22.) The Commissioner provided Safeco with a report from Phillip C. Green, a structural engineer, who reported that the "water line break [was] the cause of the soil settlement resulting in the floor slab settlement." (*Id.* at ¶¶ 23-25.) Safeco gave the report to its engineer, Scott Curry of EFI Global, for a second opinion. (*Id.* at ¶¶ 26-27.) Safeco considered the new information but maintained its position that the damage was not covered. No further contact

between Plaintiff and Safeco occurred for 21 months until Plaintiff brought this suit. (*Id.* at ¶ 29.)

## II. Discussion

*1. Legal Standard*

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007)

*2. Breach of Contract Claim*

Plaintiff Ward argues that summary judgment in Safeco's favor is inappropriate because the exclusions Safeco relied on are ambiguous. She claims that the damage that occurred is a covered loss and that the exclusions in the policy do not apply. Ward further argues that, even if the exclusions apply, the efficient proximate cause doctrine mandates coverage because, in her view, a covered peril caused the subsequent excluded losses. Defendant Safeco argues that the loss is specifically excluded in the contract and, as such, it is not in breach. Ward, in her Statement of Disputed Facts (Doc. 39), does not contest any material facts.

Montana law governs the claim. In Montana, a claim for breach of contract requires: (1) a contract, (2) a breach of an obligation under the contract, and (3) damages as a result of the breach. *King v. Recreational Equip., Inc.*, 2016 WL 8711411, at *3 (D. Mont. Dec. 7, 2016). When a contract is unambiguous, the Court will take the contract at face value and evaluate it based on the plain language included. *Ophus v. Fritz,* 11 P.3d 1192, 1196 (Mont. 2000). An ambiguity exists in a contract when the included wording is subject to two different valid interpretations. *Id.*

There is no dispute as to whether a contract existed between the parties. (Doc. 39 at ¶ 1.) Instead, Plaintiff argues that summary judgment in Safeco's favor is not appropriate because the terms of the exclusions are ambiguous as applied to the specific facts of Ward's loss.

6

   *a. Earth Movement Exclusion*

The Earth Movement Exclusion provided in the policy states:

> [Safeco does] not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
> 
> ***
> 
> 2. Earth Movement, meaning;
>    a. the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, movement resulting from improper compactions, site selection or any other external forces, erosion, including collapse or subsidence of land along a body of water as a result of erosion or undermining resulting from the action of water. This includes the channeling of a river or stream;
>    b. erosion, shifting or displacement of materials supporting the foundation…
> 
> ***
> 
> This exclusion applies whether the earth movement is caused by or resulting from human or animal forces or any act of nature.

(Doc. 39 at ¶ 17.)

Plaintiff argues that the wording of the exclusion is ambiguous and that as such it must be interpreted most favorably towards the insured. *Stedele v. Colony Ins., Co.,* 260 P.3d 145, 149 (Mont. 2011). Specifically, Ward asserts that the meaning of earth movement is ambiguous because here the loss concerns movement of the land necessary to support the dwelling. Plaintiff attempts to illustrate the ambiguity by use of the fact that Mary Jaeger, the adjuster that

7

surveyed the property on behalf of Safeco, construed the meaning of the term differently than Safeco. (Doc. 38 at 6.) Ultimately, Plaintiff's argument is unconvincing because the Montana Supreme Court in *Parker v. Safeco Ins. Co. of America*, 376 P.3d 114, 119 (Mont. 2016), found identical exclusion language unambiguous and because nothing in the policy language somehow limits coverage to only external movement, as Ward suggests.

In *Parker,* the Montana Supreme Court determined that the District Court did not err in deciding that the earth movement exclusion (the same exclusion at issue here) applied to a rockfall that damaged Parker's cabin. The Court noted that while "ambiguity in insuring language is construed so as to extend coverage, courts considering coverage issues must examine the document as a whole, giving words their usual meaning." 376 P.3d at 119. Although Plaintiff attempts to distinguish *Parker* from the case at hand, the exclusions in question are identical—that is, the decision of the Court in *Parker* concerning the exclusion applies here. The *Parker* court broadly applied the term "earth movement" and specifically discounted the idea that the exclusion was ambiguous based on "consideration and interpretation of the policy language." *Id.* The Court said "'earth' as used in the policy is clearly intended to be broadly inclusive of all natural materials that comprise the surface of the earth, including rocks and soil." *Id.* The Court further determined that the policy at issue (identical to Ward's policy language) applied to earth movement

8

"regardless of its cause, making the debate over human-caused events irrelevant." *Id.* at 120. Like in *Parker*, the provision should be read as a whole and, for many of the same reasons, the Court finds that the policy is not ambiguous as applied to Ward's situation. Here, there was subsidence—earth movement—that caused damage to Ward's property. The exclusion defines earth movement as explicitly including "the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not." Ward's argument that somehow the exclusion, plainly-read, only applies to "large" earth events is misguided.

Plaintiff tries to further distinguish *Parker*, arguing that the type of earth movement that occurred was different – a boulder in *Parker* in contrast to "movement of the land" in this case. (Doc. 38 at 8.) Plaintiff argues a different section of her policy, the land stabilization provision, is the applicable policy section here and not the earth movement one. According to Ward, the two provisions are in conflict and the broad reading of the earth movement exclusion proffered by Safeco renders the land stabilization coverage illusory because it could never be triggered. The land stabilization section covers losses "to replace, rebuild, stabilize or otherwise restore the land necessary to support the insured dwelling or other structures sustaining a covered loss." (Doc. 39 at ¶ 37.) In its reply brief, Safeco explains some example situations that could arise in which this provision would be applicable (e.g. a car collides into the insured's property and

9

work was required to prevent erosion and damage to the dwelling or other structures). (Doc 40 at 8.) Ward has not demonstrated that the land stabilization coverage is illusory or that it renders the earth movement exclusion ambiguous. Because the policy is unambiguous as applied to this situation, summary judgment in favor of Safeco is appropriate because it denied coverage based on the applicable earth movement exclusion.

### b. *Proximate Cause Claim*

Plaintiff claims that the loss should be covered pursuant to Montana's proximate cause doctrine, which mandates coverage for excluded events when those events are caused by a covered peril. Safeco responds that the anti-concurrent clause in the contract defeats this argument. Safeco's anti-concurrent clause says they will not cover "loss caused directly or indirectly by any of the following [exclusions] . . . regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Doc. 39 at ¶ 31.) Plaintiff misconstrues the opinion in the case she relies on, *Oltz v. Safeco Insurance Company of America*, 306 F. Supp. 3d 1243 (D. Mont. 2018). Ward asserts that the anti-concurrent clause of the policy should not be enforced because the proximate clause doctrine rules. The Court in *Oltz* determined that Safeco's anti-concurrent clause (identical to the clause at issue in the present case) is valid because Montana law does not prohibit such clauses. 306 F.Supp.3d 1243, 1257.

Under Montana law, proximate cause is an act or omission which, in a natural and continuous sequence, unbroken by any new, independent cause, produces injury, and without which the injury would not have occurred. *Id.* at 1252. Specifically with respect to insurance, "the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation; and causes which are incidental are not proximate, though they be nearer in time and place of the loss." *Park Saddle Horse Co. v. Royal Indemnity Co.*, 261 P. 880, 884 (Mont. 1927). An insurer may not place in an insurance policy a provision that is illusory, that is, one that defeats coverage for which they have received valuable consideration. *Bennett v. State Farm Mut. Auto. Ins. Co.*, 862 P.2d 1146, 1148 (Mont. 1993).

Plaintiff argues that because of the proximate cause doctrine present in Montana law, that her loss should be covered. She argues that "exclusions do not apply to exclude coverage if it is determined they were proximately caused by a covered loss," and that the proximate cause here was the water main breaking. (Doc. 38 at 23.) On the other hand, Defendants point to their anti-concurrent clause as an alternative means of proving the loss is not covered. The anti-concurrent clause bars coverage when excluded perils contribute to the insured's loss. (Doc. 39 at ¶ 17.) They argue the "excluded perils" in this situation are the earth

11

movement and water damage, as the broken pipe itself did not cause the damage, the consolidation and shifting of the soil did. (Doc. 40 at 14.)

Safeco has the better argument. In *Oltz*, an identical anti-concurrent clause was at issue. 306 F.Supp.3d at 1256. Despite the Oltzs' claims that the clause defeated coverage for which the insurer had received valuable consideration and was correspondingly void, Judge Malloy held that the clause was both valid and did not create an ambiguity. *Id.* Specifically addressing the issue of illusory coverage, the court said that "simply restricting the scope of coverage does not render coverage illusory." *Id.* The court in *Oltz* expressly held that the language in this clause is enforceable because it does not prevent application of the efficient proximate cause doctrine and because Montana law does not prevent such clauses. *Id.*

  c. *UTPA claim*

Plaintiff claims that the insurance policy itself violates Montana's Unfair Trade Practices Act ("UTPA"), which prohibits insurers from engaging in unfair and deceptive practices. Mont. Code Ann. § 33-18-101. The Court in *Parker* decided that Safeco's conduct in that situation did not constitute a violation of the UTPA. As in *Parker,* Safeco promptly investigated Ward's claim and hired an engineer to examine the facts. Safeco provided Ward with all the information it had as it became available. Safeco informed Ward of its determination that the

earth movement exclusion applied and did not change its initial statement that the earth movement exclusion in the policy applied. "Where an insurer has 'a reasonable basis in law or in fact for contesting a claim or the amount of a claim, whichever is at issue' the insurer is not liable under the Act." *Oltz*, 306 F.Supp.3d at 1259 (citing Mont. Code Ann. § 33-18-242(5)). Here, the Court has determined that the Earth Movement exclusion applies to the loss in this case. Therefore, Safeco had a reasonable basis, in fact and law, to deny coverage and consequently summary judgment is appropriate on Ward's UTPA claim.

### III. Conclusion

Even when viewed in the light most favorable to Ward, the undisputed facts show that the cause of the loss was an excluded peril and therefore summary judgment in favor of Safeco is appropriate as to all of Ward's claims.

IT IS HEREBY ORDERED that Safeco's Motion for Summary Judgment (Doc. 35) is GRANTED and the Clerk of Court is directed to enter judgment in favor of Defendant.

DATED this 6th day of August 2021.

SUSAN P. WATTERS
United States District Judge